UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v.  : | Cr. No. 21-cr-00176 (CJN) |
| : | |
| STEVE OMAR MALDONADO, : | |
| : | |
| Defendant. : | |

**SUPPLEMENTAL RESPONSE TO GOVERNMENT'S MOTION REGARDING DISTRICT COURT'S JURISDICTION DURING INTERLOCUTORY APPEAL**

Mr. Steve Maldonado, through undersigned counsel and pursuant to the Court's April 20, 2023, minute order, submits this brief supplement to his response the government's motion regarding the district court's jurisdiction during interlocutory appeal, ECF. No. 64.

As stated in his response, Mr. Maldonado submits that the Court would not have jurisdiction over his case until the D.C. Circuit issues its mandate. *See United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997). Undersigned counsel was under the impression that the government agreed with this positon. However, it has come to counsel's attention that the government's position appears to be that this Court would maintain over the misdemeanor counts alleged in the Indictment, despite the fact that it appealed this Court's order as to Count One. Counsel has consulted with the appellate lawyers at the Federal Public Defender regarding this question. There is no authority for the proposition that once an interlocutory appeal is taken, the district judge maintains any jurisdiction over the case, other than over ministerial tasks. *See*

*Bombardier Corp. v. National R.R. Passenger Corp.* 2002 WL 31818924 (D.C. Cir. 2002) (per curiam) ("A non-frivolous appeal from the district court's order divests the district court of jurisdiction . . . and the district court may not proceed until the appeal is resolved."); *Princz v. Federal Republic of Germany,* 998 F.2d 1 (D.C.Cir.1993) (per curiam) (appeal from denial of motion to dismiss on grounds of sovereign immunity divests district court of jurisdiction over entire case); *Stewart v. Donges*, 915 F.2d 572, 575-76 (10th Cir. 1990) (interlocutory appeal based on a defense of double jeopardy divests district court of all jurisdiction except over ministerial tasks). Moreover, the practice in this district for years has been to treat the entire case (with the exception of ministerial matters) as under the Circuit's jurisdiction while appeal is pending.

Accordingly, Mr. Maldonado respectfully objects to scheduling a trial and a pre-trial motions schedule on the misdemeanor counts before the mandate from the D.C. Circuit is issued.

Mr. Maldonado acknowledges that under the Speedy Trial Act, delay resulting from an interlocutory appeal is excluded. 18 U.S.C. 3161§ (h)(1)(C).

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Elizabeth Mullin
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Elizabeth_Mullin@fd.org