UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-176 (CJN) |
| v.   : | |
| : | |
| STEVE OMAR MALDONADO, : | |
| : | |
| Defendant.   : | |

**GOVERNMENT'S NOTICE OF INTENT**

On May 30, 2023, this Court ordered the government to file a Notice of Intent regarding the government's appeal in this case. That intent is as follows. The government's appeal from this Court's order dismissing the 18 U.S.C. § 1512(c)(2) charge is currently being held in abeyance pending issuance of the mandate in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). *See* Apr. 17, 2023 Order, *United States v. Maldonado*, No. 23-3016 (D.C. Cir.). Once that mandate issues, the parties to this appeal will have 30 days to file motions to govern future proceedings. *Id*.

On May 23, 2023, the Fischer panel denied the defendants' motion for panel rehearing in that case. *See* May 23, 2023 Order, *United States v. Fischer*, No. 22-3038 (D.C. Cir.). The *Fischer* defendants have moved to stay issuance of the mandate pending final disposition by the Supreme Court, which the government has opposed. If the Court of Appeals denies the *Fischer* defendants' motion, the mandate in that case should issue forthwith. *See* Federal Rule of Appellate Procedure 41(b) ("The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later."). Once that occurs, the government expects that it will file a motion for summary reversal in the appeal in this case—this Court's order dismissing Count One was based solely on the reasons set forth in its opinion in *Miller*, which the

D.C. Circuit reversed, "conclud[ing] that the district court erred in dismissing the counts charging each [defendant] with Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c)(2). [The defendants'] alleged conduct falls comfortably within the plain meaning of 'corruptly . . . obstruct[ing], influenc[ing], or imped[ing] [an] official proceeding, or attempt[ing] to do so.'" *Fischer*, 64 F.4th at 350. If the Court of Appeals instead grants the *Fischer* defendants' motion to stay issuance of the mandate, the government's appeal in this case will continue to be held in abeyance until that case is finally resolved.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:    */s/ Victoria A. Sheets*
        VICTORIA A. SHEETS
        Assistant United States Attorney
        NY Bar No. 5548623
        601 D Street NW
        District of Columbia, DC 20530
        Victoria.Sheets@usdoj.gov
        (202) 252-7566

        KYLE R. MIRABELLI
        Assistant United States Attorney
        NY Bar No. 5663166
        601 D Street, N.W.
        Washington, DC  20001
        Kyle.Mirabelli@usdoj.gov
        (202) 252-7884